The opinion of the court was delivered by
Rogers, J.,
(after stating the case.) I cannot perceive how Hildebrand, the surety, can be considered as absolutely discharged from his liability in this bond. It is not put to the court and jury on the ground of an actual fraud, or combination between Pickering .and Deardorf, to cheat and defraud Hildebrand, the surety. Had there been a combination between them to cheat and defraud the surety, out of part of an entire sum, it would, I apprehend, so far as respects the surety, have avoided the whole bond. It would have proved a complete defence to the whole amount claimed in this action. If, however, the defendants relied upon an actual fraud, the attention of the court and jury should have been drawn to it, either by a plea of fraud, or by notice of special matter, in which the fraud and combination should have been distinctly *25 charged. It has been ruled in a case decided at Lancaster, ( The President of the Orphan’s Court, for the use of Graff and others v. Graff,) to be insufficient to state facts and circumstances, from which a jury may infer fraud.
If that had been the issue here trying, what difficulty could the jury have had? It certainly was not in the contemplation of Deardorf and Pickering to defraud Hildebrand. The arrangement was merely intended by them to secure the payment of the interest indorsed on the bond as paid, when in truth and in fact it remained unpaid. Not that the surety should pay, but that it should be taken out of the funds of the principal.
It will be observed, that I take the distinction between an actual and a legal fraud. In the one case, it would avoid the whole bond; in the other, it would be an avoidance pro tanto only. And this leads me to consider, whether this be a defence pro tanto; whether the surety has received any injury whatever, from the arrangements and proceedings of his principal, and Deardorf, the guardian of Rebecca.
What may be the effect of the proceeding in York county; whether they have or can lessen the security of Hildebrand, as bail in the recognizance, it is unnecessary here to determine. Is it a defence to this action? If it be a defence pro tanto, it can only be for the amount actually received. Here the suit was brought in York county, after the suit in Adams county; and at the time of trial nothing had been recovered. It is true, a judgment had been obtained, a fieri facias and venditioni exponas had been issued; but the land had been returned unsold for want of buyers. What sum then could the jury have deducted from the bond? clearly not the amount of the judgment, for peradventure it may never be recovered. I cannot therefore perceive how Hildebrand has sustained such an injury, as to avail him, in his defence to this suit. If his interest be affected, on which I would not wish to be understood as giving any opinion, he must resort for redress to the Court of Common Pleas for the county of York.
Judgment affirmed.